ORDER
PATRICK L. SMITH, Chief Judge.
The Court of Appeals for the Confederated Salish and Kootenai Tribes is in receipt of a filing entitled “Writ of Habeas Corpus” submitted, pro se, by Ronald D. Quaring, who is imprisoned in the Montana State Prison.
The Writ is addressed to both the State of Montana and the Tribal Court of the Confederated Salish and Kootenai Tribes. As its underlying authority, the writ cites state law applicable to writs of habeas corpus in the state court system, § 46-22-101 through 46-22-407. This authority does not govern this Court,
*80 To the extent the writ attempts or intends to invoke the jurisdiction of this Court, the application for writ is grossly deficient and does not meet the requirements of Ordinance No. 90B, and Part 4 in particular, which governs extraordinary writs. Nowhere on the writ is the name of the Tribal Appellate Court invoked. The procedures and contents of applications for writs are set forth in § 3-2-401. Included in the requirements is the petitioner’s obligation to attach as exhibits “each judgment, order, notice, pleading, document, proceeding, or court minute referred to in the application, or which is necessary to make out a prima facia case or to substantiate the application or conclusion or legal effect.” § 3-2-401(3).
The application contains no exhibits of the orders for which the petitioner seeks the extraordinary writ of habeas corpus, nor does it adequately explain the factual and legal basis for the requested writ. The submissions are deficient to the point that this Court can not decipher the factual or legal basis of the request.
It also appears that even if the application for writ had been submitted in compliance with the requirements of Ordinance 90B that this court would not have jurisdiction. Based on documents this Court has obtained on its own initiative (documents not submitted by the petitioner), it appears that the Petitioner has been imprisoned pursuant to a Judgment and Commitment Order from the Honorable C.B. McNeil, District Judge for Lake County, dated December 30, 1996, based on the Defendant having admitted, while represented by legal counsel, violations of the conditions of his suspended sentence. The underlying charge is for criminal sale of dangerous drugs, a felony under state law. It appears that contemporaneous state charges of being under the influence of alcohol or drugs were dismissed by Judge McNeil under his September 26, 1996 Order. The Tribal Court of the Confederated Salish Kootenai Tribes did not sentence the Petitioner to incarceration in the state prison.
Because the Petitioner’s application for writ of habeas corpus is deficient and the Petitioner has not established any basis for invoking the jurisdiction of this Court, the petition for writ of habeas corpus is DENIED, without prejudice.
SO ORDERED.